# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JIMMY QUIROZ BALDWIN, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0363-TWT-RGV-12 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-1509-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon plaintiff.

Plaintiff may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appeal of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 12th day of September, 2012.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JIMMY QUIROZ BALDWIN, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0363-TWT-RGV-12 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-1509-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on movant Jimmy Quiroz Baldwin's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 690], the government's response thereto, [Doc. 708], and Baldwin's reply, [Doc. 721]. For the following reasons, the undersigned **RECOMMENDS** that Baldwin's § 2255 motion be denied.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned an indictment against Baldwin and 22 others charging Baldwin in Count One with conspiracy to possess with the intent to distribute at least 5 kilograms of a mixture containing a detectible amount of cocaine and/or 1000 kilograms of a mixture containing a detectible amount of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)-(vii) and

846, and in Count Ten with possession with intent to distribute at least 5 kilograms of a mixture containing a detectable amount of cocaine, in violation of §§ 841(a)(1), 841(b)(1)(A)(ii), and 18 U.S.C. § 2. [Doc. 1]. Baldwin pleaded guilty to Count One, pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts. [Doc. 429-1 at 1, 3; Doc. 608].

The plea agreement included a limited waiver of appeal, which provides that Baldwin

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Baldwin] may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range.

[Doc. 429-1 at 11]. This provision of the plea agreement further provides that Baldwin may file a cross appeal if the government appeals the sentence. [Id.]. Baldwin signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

2

[Id. at 12-13].

At the plea hearing, Baldwin was placed under oath and testified through an interpreter. [Doc. 608 at 3-5]. Baldwin confirmed that he had not consumed any alcohol, narcotic drugs, medicine or pills within the past twenty-four hours. [Id. at 5]. The Court explained to Baldwin the rights he was giving up by pleading guilty, and Baldwin stated that he understood and still wished to enter a guilty plea. [Id. at 5-8]. The prosecutor reviewed the terms of the plea agreement, including the appeal waiver, and Baldwin agreed with the prosecutor's description of the plea agreement. [Id. at 8-11]. Baldwin acknowledged that no one had threatened or forced him to plead guilty and that no one had threatened that further charges would be brought against him or that other adverse action would be taken against him if he did not plead guilty. [Id. at 10-11]. Baldwin also confirmed that no one had promised him a particular sentence or anything not contained in the plea agreement. [Id. at 11]. Baldwin further affirmed that he had sufficient time to consider and discuss the matter with his attorney before entering his plea and that he was satisfied with counsel's representation. [Id. at 13].

Next, the prosecutor described the elements of the offense charged in Count One, and Baldwin acknowledged that he understood that he was charged with participating in a conspiracy to possess with the intent to distribute more than 5

3

kilograms of cocaine or 1,000 kilograms of marijuana. [Id. at 13-14]. Baldwin also understood that, as to Count One, he faced a possible maximum sentence of life imprisonment and a mandatory minimum sentence of ten years of imprisonment. [Id. at 15]. The Court also discussed the United States Sentencing Guidelines with Baldwin and explained that the guideline recommendation is only advisory so the Court could impose a sentence above or below that range. [Id. at 15-16]. The Court then reviewed the terms of the appeal waiver and its consequences, and Baldwin affirmed that he understood the effect of the waiver and that no one had threatened, forced, or promised him anything to give up his right to appeal. [Id. at 16-17]. Baldwin further acknowledged that he could not later withdraw his plea even if his sentence was more severe than he expected or the Court rejected the sentencing recommendations in his plea agreement. [Id. at 17-18].

The prosecutor then summarized what the evidence would show if the case went to trial. [Id. at 19-21]. Baldwin agreed with the prosecutor's summary and admitted that he was guilty of participating in a conspiracy to possess with the intent to distribute at least five kilograms of cocaine. [Id. at 21]. The Court accepted Baldwin's plea. [Id. at 21-22].

4

At the sentencing hearing, the Court determined that Baldwin's guideline range was 210 to 262 months of imprisonment. [Doc. 609 at 31]. In accordance with the plea agreement, the government recommended a sentence at the low end of the guidelines range. [Id. at 33-34]. The Court sentenced Baldwin to 210 months of imprisonment. [Id. at 35; Doc. 541].

Baldwin filed a timely notice of appeal. [Doc. 551]. On November 19, 2010, the United States Court of Appeals for the Eleventh Circuit granted the government's motion to dismiss Baldwin's appeal due to the valid appeal waiver contained in his plea agreement. Order of Dismissal, United States v. Baldwin, No. 10-12169-GG (11th Cir. Nov. 19, 2010), available at https://pacer.login.uscourts.gov (last visited Aug. 28, 2012). On May 16, 2011, the United States Supreme Court denied certiorari. Baldwin v. United States, 131 S. Ct. 2477 (2011).

On April 30, 2011, Baldwin timely filed this pro se § 2255 motion, arguing that (1) his guilty plea was involuntary because counsel (a) told him that he would not receive a leadership enhancement, (b) promised him that he would get a five year sentence and that he qualified for safety valve, substantial assistance, and Federal Rule of Criminal Procedure 35 reductions, (c) advised him that his appeal waiver would not prevent him from appealing his conviction and sentence, (d) advised him to respond

5

to the Court's questions during the plea hearing as counsel had instructed even if he did not understand or agree, (e) failed to advise him that he would not qualify for a safety valve reduction if he received a leadership enhancement, (f) told him that the information he provided the government during the proffer interviews could not be used against him during sentencing, and (g) failed to advise him that the Court could find him responsible for hundreds of kilograms of cocaine rather than only the five alleged in the indictment; (2) counsel was ineffective for failing to argue that the government breached the plea agreement by seeking a leadership enhancement; and (3) counsel provided him ineffective assistance at sentencing by failing to adequately investigate and challenge both the leadership enhancement and the drug quantity attributed to him.[1]  [Doc. 690 at 5-6, 8-9, 11-16; Doc. 690-1 at 24-49].  The government responds that Baldwin's challenges to his guilty plea are contradicted by the record and that his remaining grounds are barred by his valid sentence appeal

---

[1] Baldwin's § 2255 motion lists twelve grounds for relief. [Doc. 690 at 5-6, 8-9, 11-16]. However, in order to clarify the specific grounds upon which Baldwin seeks relief and to avoid repetition, the Court has renumbered the claims for purposes of this Report and Recommendation. Specifically, ground one is numbered in the § 2255 motion as grounds 1 through 7 and 12; ground two is numbered as ground 11; and ground three is numbered as grounds 8 through 10.

6

waiver. [Doc. 708 at 10-26]. Baldwin replies, reasserting the merits of his grounds for relief. [Doc. 721].

## II. DISCUSSION

### A. Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

7

**B.      Grounds One and Two Concerning Validity of Plea**[2]

Baldwin claims that his guilty plea was involuntary because counsel (a) told him that he would not receive a leadership enhancement, (b) promised him that he would get a five year sentence and that he qualified for safety valve, substantial assistance, and Federal Rule of Criminal Procedure 35 reductions, (c) advised him that his appeal waiver would not prevent him from appealing his conviction and sentence, (d) advised him to respond to the Court's questions during the plea hearing as counsel had instructed even if he did not understand or agree, (e) failed to advise him that he would not qualify for a safety valve reduction if he received a leadership enhancement, (f) told him that the information he provided the government during the proffer interviews could not be used against him during sentencing, and (g) failed to advise him that the Court could find him responsible for hundreds of kilograms of cocaine rather than only the five alleged in the indictment. [Doc. 690 at 5-6, 8-9, 11-12]. Baldwin further maintains that counsel should have argued that the government breached the plea agreement when it sought a leadership enhancement at sentencing and that counsel should have moved to withdraw Baldwin's plea. [Id. at 15-16].

---

[2] These grounds are numbered in the § 2255 motion as grounds 1 through 7 and 11-12.

Baldwin's challenges to the validity of his guilty plea based on ineffective assistance are not barred by his appeal waiver. Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (unpublished). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Baldwin has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir. 2000). Additionally,

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

In support of his motion to vacate, Baldwin has submitted the affidavit of Eduardo Alvarez, the translator who interpreted Baldwin's conversations with counsel. [Doc. 690-1 at 52-54]. Alvarez's affidavit merely shows that counsel discussed with

9

Baldwin his expectation of how the Court was likely to rule and the sentencing reductions that Baldwin could receive, which would have resulted in a much lesser sentence had they been granted. [Id.]. However, the plea hearing transcript in this case belies Baldwin's assertions regarding counsel's purported sentence predictions and reveals that Baldwin voluntarily pleaded guilty with a full understanding of the charges and the consequences. [See Doc. 608]. Baldwin stated under oath that no one had threatened or forced him to plead guilty, that no one had promised him a particular sentence or anything not contained in the plea agreement, and that he was satisfied with counsel's representation. [Id. at 10-11, 13]. Counsel also told the Court that he had not promised Baldwin a particular sentence. [Id. at 12]. Baldwin further acknowledged that he faced a possible maximum sentence of life imprisonment and a ten-year mandatory minimum sentence, that the Court could sentence him above or below the guideline range and was not bound to accept the sentencing recommendations in the plea agreement, that the decision whether or not to move to reduce his guideline range or sentence based on his cooperation and assistance was "entirely up to the discretion of the government's attorney," and that he could not later withdraw his plea even if his sentence was more severe than he expected. [Id. at 15-

10

19]. Moreover, the Court specifically questioned Baldwin about the appeal waiver, and it is clear that Baldwin understood the effect of the waiver. [Id. at 16-17].

Baldwin's claim that counsel advised him to respond to the Court as counsel had instructed, even if he did not agree or understand, is also contracted by the record. Baldwin agreed to advise the Court if he did not understand any of the questions, and he acknowledged that his responses would be subject to the penalties of perjury or of making a false statement if he did not answer truthfully. [Id. at 3-4]. Baldwin also told the Court that no one had advised him not to tell the complete truth. [Id. at 11]. Further, in response to one of the Court's questions, Baldwin stated, "I don't understand the question." [Id. at 16].

Baldwin also asserts that counsel told him that the information he provided the government during the proffer interviews could not be used against him during sentencing. The plea agreement, which Baldwin signed, expressly provided that:

> Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by [Baldwin] in connection with [his] cooperation and as a result of this Plea Agreement will not be used in determining the applicable sentencing guideline range, although such information may be disclosed to the Probation Office and the Court.

11

[Doc. 429-1 at 7]. Baldwin has not shown that counsel's advice on this matter was erroneous and it was consistent with the terms of the plea agreement.

Contrary to Baldwin's claim that he did not know that the Court could find him responsible for more than the five kilograms of cocaine alleged in the indictment, the plea agreement stated that "[t]he criminal activity undertaken by [Baldwin] and others acting in concert with [him] involved which was reasonably foreseeable to him involved over 150 kilograms of cocaine and places [him] at a base level of 38." [Id. at 4]. At the plea hearing, the government specifically referenced this provision of the plea agreement, and Baldwin agreed that the government's description of the agreement was accurate. [Doc. 608 at 9, 11].

Baldwin has not met his "heavy burden to show that his statements under oath were false." Patel, 252 F. App'x at 975 (citation omitted). Additionally, Baldwin's bare allegation that he would not have pleaded guilty and would have insisted on going to trial absent counsel's advice, [see Doc. 690-1 at 21], is insufficient to establish prejudice. United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985), abrogated on other grounds, Padilla v. Kentucky, 130 S. Ct. 1473 (2010). Therefore, Baldwin is not entitled to relief on ground one.

Finally, nothing in the plea agreement prevented the government from seeking a leadership role enhancement. [See generally 429-1]. Moreover, the plea agreement expressly stated that:

> With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, [Baldwin] understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

[Id. at 5]. Thus, the government did not breach the plea agreement by seeking a leadership enhancement, and Baldwin is not entitled to relief on ground two.

### C. Ground Three Barred by Appeal Waiver[3]

Baldwin also claims that counsel provided him ineffective assistance at sentencing by failing to adequately investigate and challenge both the leadership enhancement and the drug quantity attributed to him. [Doc. 690 at 13-15]. This ground is barred by Baldwin's valid appeal waiver.

---

[3] This ground is numbed as grounds 8 through 10 in the § 2255 motion.

13

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. (citation omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

At the plea hearing, the Court specifically questioned Baldwin about the appeal waiver, and it is clear that Baldwin understood the full significance of the waiver. [Doc. 608 at 16-17]. Thus, Baldwin's assertion that he believed he could appeal despite the waiver is contradicted by the record. The undersigned finds that Baldwin knowingly and voluntarily waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e., a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Moreover, the Eleventh Circuit found that

14

Baldwin's appeal waiver was enforceable. Order of Dismissal, <u>Baldwin</u>, No. 10-12169-GG (11th Cir. Nov. 19, 2010). Baldwin may not relitigate in his § 2255 motion matters that were decided against him on direct appeal. <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000). Thus, Baldwin is not entitled to relief on ground three. <u>See</u> <u>Williams</u>, 396 F.3d at 1342.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

15

Based on the foregoing discussion of Baldwin's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 690], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 12th day of September, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)