**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JIMMY QUIROZ BALDWIN, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0363-TWT-RGV-12 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:17-CV-2815-TWT-RGV |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Jimmy Quiroz Baldwin's pro se motion for sentence reduction and recalculation pursuant to 28 U.S.C. § 2255. [Doc. 820]. Baldwin also asks the Court to appoint counsel to represent him in this matter. [Id.]. For the reasons that follow, the undersigned finds that this § 2255 motion is impermissibly successive and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1] In light of this recommendation, Baldwin's request for appointment of counsel is **DENIED** as moot.

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I.  PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned an indictment against Baldwin and 22 others charging Baldwin in Count One with conspiracy to possess with the intent to distribute at least 5 kilograms of a mixture containing a detectible amount of cocaine and/or 1000 kilograms of a mixture containing a detectible amount of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)-(vii) and 846, and in Count Ten with possession with intent to distribute at least 5 kilograms of a mixture containing a detectable amount of cocaine, in violation of §§ 841(a)(1), 841(b)(1)(A)(ii), and 18 U.S.C. § 2. [Doc. 1]. After Baldwin pleaded guilty to Count One, the Court sentenced him to 210 months of imprisonment. [Docs. 429-1; 541; 608; 609].

Baldwin filed a timely notice of appeal. [Doc. 551]. On November 19, 2010, the United States Court of Appeals for the Eleventh Circuit granted the government's motion to dismiss Baldwin's appeal due to the valid appeal waiver contained in his plea agreement. [Doc. 738]. On May 16, 2011, the United States Supreme Court denied certiorari. Baldwin v. United States, 131 S. Ct. 2477 (2011).

On April 30, 2012, Baldwin filed a pro se § 2255 motion, [Doc. 690], which the Court denied on the merits, [Docs. 727; 734]. The Eleventh Circuit denied Baldwin

a certificate of appealability ("COA"), [Doc. 755], and the United States Supreme Court denied his petition for a writ of certiorari, [Doc. 762]. Baldwin then filed a motion to reduce his sentence, [Doc. 766], which the Court denied, [Doc. 812]. Baldwin has now filed the instant § 2255 motion seeking a sentence reduction based on the United States Supreme Court's decisions in Dean v. United States, 137 S. Ct. 1170 (2017) and Johnson v. United States, 135 S. Ct. 2251 (2015). [Doc. 820].

## II. DISCUSSION

As noted above, Baldwin filed a prior § 2255 motion that was denied on the merits. [Docs. 728; 734]. The instant motion is therefore successive, and this Court may consider it only if Baldwin has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication in the record that Baldwin has obtained such authorization. Accordingly, the Court lacks jurisdiction to consider this second § 2255 motion. See Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010) (per curiam) (holding that "district court lacked jurisdiction to entertain . . . second motion to vacate" because movant had "not sought permission from [the Eleventh Circuit] to file a successive motion").

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Baldwin's § 2255 motion as impermissibly successive is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Baldwin's § 2255 motion, [Doc. 820], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

Baldwin's request for appointment of counsel is **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 31st day of July, 2017.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE